34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis James LEWIS, Defendant-Appellant.
 No. 93-50189.
 United States Court of Appeals, Ninth Circuit.
 Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis James Lewis appeals his conviction and 210-month sentence imposed following a jury trial for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Lewis's counsel filed a brief stating that he finds no meritorious issues for review. Counsel also filed a motion to withdraw as counsel of record. Lewis filed a pro se supplemental brief challenging the reliability of his in-court identification by government witnesses and alleging several errors arising out of the prosecution's use of identification testimony at the trial. We have jurisdiction under 21 U.S.C. Sec. 1291, and we affirm the conviction and sentence and grant counsel's request to withdraw.
 
 
 4
 Lewis contends that the prosecution surprised him with identification testimony referring to his visibly crippled left arm as one of his distinguishing characteristics. He also claims that government witnesses perjured themselves when they stated that they could identify Lewis in part because they had seen at the time of the narcotics buy that he had a crippled left arm. Finally, he contends that there was prosecutorial misconduct because the prosecutor "obstructed justice" by failing to provide the defense with relevant discovery regarding witness identification of Lewis and by using knowingly perjured identification testimony.
 
 
 5
 Lewis's claims are frivolous and we reject them. Lewis's entire case rested on a claim of mistaken identity. It was clear that the government would offer evidence in order to prove that Lewis was in fact the seller of narcotics in the instant case. One of Lewis's most apparent identifying characteristics is a crippled left arm. Furthermore, and contrary to Lewis's claims, it is evident from the record that defense counsel was in possession of Drug Enforcement Agency Agents Dowtin's and Thomas's reports on the instant transaction as defense counsel questioned Agent Dowtin regarding the contents of the reports. Agent Dowtin's January 15 report and Agent Thomas's January 16 report clearly state that one of the identifying characteristics of Lewis was his crippled left arm and that the individual Agent Dowtin bought cocaine from had a crippled left arm. On the record before us, it is clear that there was no surprise introduction of evidence, no obstruction of justice and no perjury.
 
 
 6
 Finally, two witnesses, Agent Dowtin and a confidential informant, who were direct participants in the narcotics transaction which forms the basis for the instant conviction, identified Lewis in court as the person who sold them cocaine. Both witnesses had significant amounts of face-to-face contact with Lewis while the transaction was occurring. Both were paying close attention as this was an undercover drug purchase. Both were absolutely certain in court that Lewis was the person from whom the cocaine had been purchased. Furthermore, both were aware before the transaction that one of Lewis's identifying characteristics was a visibly crippled left arm. Therefore, despite the 22 months which had elapsed between the time of the instant offense and in-court identification, we hold that the in-court identification was reliable. See United States v. Simoy, 998 F.2d 751, 752-53 (9th Cir.1993) (identifying five factor test for evaluating reliability of in-court eyewitness identification of defendant).
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other potential issues for review.
 
 
 8
 The judgment is AFFIRMED and the motion of counsel to withdraw is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3